ACCEPTED
05-15-01068-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
11/5/2015 6:28:29 PM
LISA MATZ
CLERK

# WOLF & HENDERSON, P.C.

A Professional Corporation
*Attorneys at Law*
4309 Irving Avenue, Suite 200
Dallas, Texas 75219

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
11/5/2015 6:28:29 PM
LISA MATZ
Clerk

(214) 750-1395

November 5, 2015

Telecopier (214) 768-1395

Lisa Matz, Clerk of the Court
Fifth Court of Appeals
600 Commerce St., Suite 200
Dallas, Texas 75202

> Re: Court of Appeals No. 05-15-01068 *My Three Sons, Ltd., et al. v. Midway/Parker Medical Center, L.P., et al.*
>
> Trial Court Cause No. 380-00398-2013, *My Three Sons, Ltd., et al v. Midway/Parker Medical Center, L.P., et al., in the 380th District Court of Collin County, Texas*

Dear Clerk:

This letter is submitted by Appellants in response to the Court's October 26, 2015 request to provide a letter brief regarding the trial court's apparent entry of two orders of dismissal (one dismissing the case in its entirety and the other dismissing only Plaintiffs' claims).

1.     Plaintiff-Appellants filed a lawsuit against the seven Defendant-Appellees for damages and injury relating to leaking sewage pipes and broken fire sprinkler lines in a medical office building.  CR 17.  In response, one of the defendants, Manhattan Construction Company ("MCC"), filed a motion to compel arbitration of plaintiffs' claims against MCC.  CR 35.  No other defendant joined in the motion.  The trial court granted MCC's motion, abated *the entire case*, and ordered that Appellants arbitrate their claims against MCC.  CR 244.  Thus, Appellants' claims against the six other defendants were not ordered to be arbitrated, but were subjected to the stay.

2.     On February 9, 2015, another defendant, Southstar Fire Protection Systems ("Southstar"), filed a motion to dismiss for Appellants' failure to initiate arbitration against MCC.  CR 252.  At the time of the filing of Southstar's motion, Appellants had not yet filed a demand for arbitration with the American Arbitration Association (the "AAA").  All of the other defendants joined in Southstar's motion to dismiss, including

MCC. CR 258, 261, 264, 267. A hearing on Southstar's motion was set for May 18, 2015. CR 273.

3.  Prior to the May 18 hearing, Appellants filed, among other things, a demand for arbitration with the AAA with respect to Appellants' claims against MCC.[1] CR 319. Despite the filing of the arbitration demand, the trial court proceeded with the hearing and granted Southstar's motion. CR 12 (May 18, 2015 General Docket Entry). On June 2, 2015 at 11:27a.m., Southstar's counsel submitted a proposed order (which provided for only dismissal of plaintiffs' claims). CR 362. Later that same day, Appellants also submitted a proposed order (which provided for the dismissal of the entire case). CR 360.

4.  On June 4, 2015, Southstar's counsel sent to all parties' counsel (including Appellants' counsel) an email attaching a copy of the dismissal order *signed by the trial court*. That signed order appears in the record at CR 367 and was the form submitted by Southstar's counsel. At that time, Appellants had no idea that the trial court had also previously signed another order (the form of Appellants' counsel's order). That signed order appears in the record at CR 366. Appellants' counsel did not learn of the entry of the order appearing at CR 366 until he received this Court's October 26, 2015 letter.[2] In fact, Appellants' counsel has not ever received (to his knowledge) a signed copy of either order from the trial court or its clerk (other than what is in the CR when it was filed). And apparently, the other parties did not know about the other signed order either because they proceeded to file various notices of nonsuits. They presumably did so because, according to the signed order attached to Southstar's June 4 email that they received, only the "plaintiffs' claims" were dismissed. If defendants' counsel would have known that the entire case had been dismissed, there would have been no need to file the notices of nonsuit.

---

[1]  Despite the dismissal motion and order and MCC's support thereof, the arbitration proceeding between Appellants and MCC remains pending and active and is currently set for a preliminary hearing on December 1, 2015. *See also* CR 473, 486.

[2] Appellants' counsel is not registered to have access to images of the filings that are filed with the Collin County District Clerk and only has access to the online docket via the clerk's website. (The Collin County District Clerk's "appeal clerk" did provide Appellants' counsel with a version of the clerk's docket sheet to assist Appellants' preparation of a designation of the clerk's record, but the hyper-links to the PDF images on that hard copy docket sheet were not enabled). After receiving the Southstar's counsel's email with the signed dismissal order, Appellants' counsel presumed the on-line docket entry was for the dismissal order that was attached to the email. And because the online docket available to the public is now split into multiple windows, Appellants' counsel did not notice that there were two separate docket entries for the dismissal order appearing on two different screens, which simply appear with the general title "Order of Dismissal."

5.      Appellants then filed a motion to reinstate and motion for new trial.  CR 369, 285.  All defendants opposed the motion, including MCC.  CR 418, 424, 429, 437, 440.  The trial court conducted an evidentiary hearing on August 10, 2015 and took the matter under advisement.  CR 14 (August 10, 2015 General Docket Entry).  The parties submitted written closing arguments.  CR 444, 449, 456, 460, 465, 470.  As of the filing of this letter brief, the trial court has not yet ruled on Appellants' motion to reinstate or motion for new trial.  In addition and despite Appellants' timely request and past due notice, the trial court has failed to file findings of fact and conclusions of law for the August 10, 2015 hearing.  CR 483, 504.  In an abundance of caution and fearful that the two motions were overruled as a matter of law, Appellants filed a notice of appeal.  CR 479

6.      As stated above, Appellants' counsel was not aware that the trial court had entered two orders until pointed out by this Court in its October 26 letter.  Appellants do not know why the trial court signed two orders.  According to the docket and the clerk's record, the order dismissing only Plaintiffs' claims (CR 367) appears to be the most recent version signed and filed, and presumably, amends and/or supersedes the earlier version signed (CR 366), which purportedly dismissed the entire case.

7.      At all times, the parties acted as if only one order has been signed (the one dismissing only Plaintiffs' claims).  And more recently, Southstar's counsel just filed yesterday with the trial court a request for entry of an additional "Order Granting Nonsuits" because "the Court of Appeals has pointed out that orders granting the following nonsuits were never signed."[3]

8.      In light of the authority cited in the Court's October 26, 2015 letter, it appears that the June 4 order remains interlocutory.  If that is the case, Appellants request that this Court abate this appeal until the trial court enters the order submitted by Southstar's counsel on November 4, 2015.  In addition, and for purposes of judicial economy, Appellants also request (and/or in the alternative) that this Court abate this appeal until the trial court enters an order on Appellants' motion to reinstate and motion for new trial and enters its findings of fact and conclusions of law thereon.

Sincerely,

*/s/ Craig P. Henderson*
Craig P. Henderson


/cph

---

[3]  This letter was just filed yesterday and hence, is currently outside the clerk's record.  A supplemental clerk's record request has been made.